In the Matter of the Application of N. S. BEAN, as Receiver of the FIRST NATIONAL BANK OF WARREN, MASS., for Permission to Commence an Action against FRANCIS R. STODDARD, JR., Individually and as Superintendent of Insurance of the State of New York, and Another.*

Supreme Court, Erie Special Term, May 18, 1923.

Receivers — action — motion to vacate ex parte order permitting receiver of bank of Massachusetts to bring action in Federal courts against State Superintendent of Insurance as liquidator of domestic insurance company in possession of property claimed by bank — State has no lien on or interest in property in possession of State Superintendent of Insurance — prospective action not against State officer — United States courts have jurisdiction — order for leave to sue was unnecessarily granted — motion denied.

A motion to vacate an *ex parte* order permitting the receiver of a national bank located in Massachusetts to bring an action in the Federal courts against the State Superintendent of Insurance as liquidator of a domestic insurance company should be denied in the absence of a claim by the State that the property or funds, taken possession of by the State Superintendent of Insurance, title to which is claimed by the bank, belongs to the State or that it had any lien upon the property, except for liquidation purposes, since the action is one against the insurance company, which the State Superintendent of Insurance merely is required by law to defend as liquidator.

Moreover, leave to sue the State Superintendent of Insurance was unnecessarily granted, since the United States courts, by reason of a diverse citizenship and other jurisdictional facts, had jurisdiction of the parties and of the subject-matter of the proposed action. Neither a State statute nor our courts may interfere with such jurisdiction.

MOTION for an order to vacate and set aside an order previously granted permitting a receiver to bring an action.

---

* Order modified, 207 App. Div. 276.

*Carl Sherman, Attorney-General,* by *Michael J. Montesano* and *Clarence C. Fowler, Deputy Attorneys-General.,* appearing specially for the State and Francis R. Stoddard, Jr., individually and as Superintendent of Insurance.

*Locke, Babcock, Spratt & Hollister* [*Raymond C. Vaughan* of counsel], for Bean, as receiver.

PIERCE, J.:

This is the return day of a notice of motion asking for an order vacating and setting aside an order granted by Hon. HARRY L. TAYLOR, on the 22d day of February, 1923, permitting Bean, as receiver, to bring an action against Francis R. Stoddard, Jr., individually and as Superintendent of Insurance of the State of New York, said order being asked upon the grounds of deficiencies appearing in the papers upon which the order was granted; that the court had no jurisdiction to make the order; that said order is contrary to and in violation of the Constitution and laws of the State of New York and the United States; that said order authorized a suit against the State of New York and the people thereof and against the Superintendent of Insurance, a constitutional officer of the State of New York; that Bean, as receiver, had no legal capacity to sue; that no notice of the application was given; that a special proceeding is provided by section 63 of the Insurance Law of the State of New York for ascertaining, determining and fixing the rights of all parties having liens or claims on the property of the insolvent insurance company, and that the petition upon which the order was granted does not recite that no previous application had been made.

Upon the argument of the motion it was stated and conceded that Bean was a resident of the State of Massachusetts; that he was the receiver of a national bank located and formerly doing business in the State of Massachusetts; that the parties and corporation against which the action or proceeding in the United States court was asked are residents but not inhabitants of the State of New York.

The prospective defendant, Francis R. Stoddard, Jr., is Superintendent of Insurance of the State of New York, and as such, pursuant to the statutes of the State of New York and an order of the Supreme Court of said State, took possession of the assets and property of the Niagara Life Insurance Company, a New York corporation, in liquidation proceedings. It is the claim and contention of Bean, as receiver, that the Niagara Life Insurance Company had in its possession and under its control, at the time that its assets were taken over by the Superintendent of Insurance,

property which belonged to the bank of which he was receiver; that the possession of such property was acquired by the insurance company under circumstances which prevented it from acquiring title and the right to possession as against said bank. There is no claim made, and no claim can be made, that any of the property or funds of the Niagara Life Insurance Company which were taken possession of by the Superintendent of Insurance belongs to the State, or that the State as such has any interest in or lien upon said property, or any of the property of the insurance company except for liquidation purposes. That being true, it cannot be successfully contended or claimed that the action to be brought is against the State, or against a State officer.

" A suit against a state bank commissioner to establish a claim against assets of an insolvent bank, of which he has taken charge, *held* not one against the state, which has no interest in the fund, but in effect one against the bank, which the commissioner was authorized by law to defend." (*Allen* v. *United States*, [C. C. A.] 285 Fed. 678.)

This case points out and clearly distinguishes the facts as they are admitted to be in the action about to be brought, and the facts as they existed in the case of *Lankford* v. *Platte Iron Works Co.* (235 U. S. 461) which was a case where it was sought to get possession of or control over a fund in which the State as such had an interest.

There being a diverse citizenship and the other jurisdictional facts existing, neither a State statute nor a State court can deprive the courts of the United States of their jurisdiction and authority, conferred by the United States Constitution and laws. (*Morrill* v. *American Reserve Bond Co. of Kentucky*, [C. C.] 151 Fed. 305.)

The courts of the United States having jurisdiction of the parties and of the subject-matter of the proposed action, no leave to sue was necessary, and, therefore, no notice of the application for the order was required or necessary. The order granting leave confers no jurisdictional or other rights, and, at most, would have the effect of relieving the party bringing the action from an alleged contempt in disobeying the order of the court in bringing an action. But that order restraining litigation only relates to actions in State courts, and only relates, in my judgment, to actions affecting the property of the insolvent corporation which is in process of liquidation.

It follows that the application made herein should be denied.